UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA SUE SCARBERRY,

      Plaintiff,                        Case No.

-vs-

UNITED STATES OF AMERICA,

      Defendant.
_____/

**JOHN T. ALEXANDER** (P43789)
Alexander & Angelas, P.C.
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025-4506
(248) 290-5600
john@alexanderandangelas.com
_____/

      There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

# COMPLAINT

# AND AFFIDAVIT OF MERIT

      NOW COMES the above named Plaintiff, Cynthia Sue Scarberry, by and through her attorneys, Alexander & Angelas, P.C., and hereby complains against the above-named Defendant and states as follows:

## GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1. That this claim is brought pursuant to the Federal Tort Claims Act 28 U.S.C. Chapter 171, § 2671 et seq;

2. That venue is proper as this cause of action arose in the County of Washtenaw, State of Michigan, which is within the jurisdiction of the United States District Court for the Eastern District of Michigan.

3. That the amount in controversy is $443,400.00.

4. That all conditions precedent necessary to filing this suit have occurred including administrative review by the Defendant.

5. That more specifically, by way of letter dated on April 23, 2014, Defendant rejected Plaintiff's claim and therefore Plaintiff has the ability to file suit by October 23, 2014.

6. That this Honorable Court has exclusive jurisdiction of the case.

7. That government liability is determined by the state law of Michigan 28 U.S.C. § 1346(b).

8. That negligence claims are allowed, 28 U.S.C § 2680.

9. That the Federal Tort Claims Act authorizes recovery for personal injuries caused by negligent Federal Government employees acting within the course and scope of employment.

## COUNT I

## NEGLIGENCE

10. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 6 above as though more fully set forth herein.

11. That Cynthia Sue Scarberry is an Air Force veteran who was treating at the Ann Arbor Veteran's Affairs Medical Center with therapist Cecily Garrity.

12. That Plaintiff was receiving treatment for the following conditions:

    a. Post-Traumatic Stress Disorder;
    b. Military sexual trauma; and,
    c. Depression.

13. That approximately in the second week of November, 2011, Plaintiff became aware of a sexual relationship between her clinical social worker, Cecily Garrity, with Plaintiff's significant other, Eric Otto Spalding, Sr.

14. That at all relevant times hereto, Cecily Garrity, was acting in the course and scope of her employment as a clinical therapist for the Defendant and the Department of Veteran's Affairs when she was treating the Plaintiff.

15. That the standard of care of a clinical social worker, when treating a client, similarly situated as the Plaintiff is the following:

    a. To be bound by the code of ethics and not to harm patients;
    b. Not to have sexual relations with patients and significant others of patients;
    c. To maintain confidentiality of patient information;
    d. Implement interventions and treatment that promote client wellbeing; and, conversely not do any act that harms client's wellbeing;
    e. Such other acts of negligence as will be learned through the discovery; process.

16. That the Defendant's social worker, Cecily Garrety, violated the above-mentioned standard of care when she had a sexual relationship with Plaintiff, Cynthia Sue Scarberry's, significant other, Eric Otto Spalding, Sr.  (Please see attached Affidavit of Merit of Robin Bromley).

17. That at as a proximate cause of Cecily Garrity's negligence and breach of standard of care, Plaintiff's pre-existing conditions were extremely aggravated including Post-Traumatic Stress Disorder, Major Depressive Affective Disorder, paranoia, ability to trust and somatization, and aggravation of fibromyalgia.

18. That as a further proximate cause of the breach in the Standard of Care, Plaintiff suffered new injuries including mental anguish, fright and shock, denial of social pleasures and enjoyments, and embarrassment and humiliation, as well as pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant, and in favor of the Plaintiff, in the amount of $433,400.00, exclusive of interest and costs.

Respectfully submitted,

Law Offices of
ALEXANDER & ANGELAS, P.C.

By: /s/ John T. Alexander
JOHN T. ALEXANDER (P43789)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 290-5600

DATED:  October 7, 2014