UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA SUE SCARBERRY,

    Plaintiff,

v.                                           Case No. 14-13877

                                              HON. AVERN COHN

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 6)

## AND DISMISSING CASE

### I. INTRODUCTION

    This is a tort case under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. Cynthia Sue Scarberry (Plaintiff) is suing the United States of America (Defendant), alleging that a social worker employed by Defendant, who had previously acted as Plaintiff's counselor, engaged in a sexual relationship with Plaintiff's significant other. Plaintiff claims that because of the social worker's negligence, as will be described, Plaintiff's pre-existing mental and physical disorders were aggravated and she suffered additional injuries.

    Now before the Court is Defendant's Motion to Dismiss (Doc. 6). For the reasons that follow, Defendant's motion will be granted.

### II. BACKGROUND

1

Because the Court addresses Plaintiff's claims in response to the Defendant's Motion to Dismiss, the facts alleged in the Complaint (Doc. 1) are accepted as true and are summarized below.

**A.**

Plaintiff is an Air Force veteran who suffers from post-traumatic stress disorder, depression (PTSD), and military sexual trauma. From October 27, 2009, through April 21, 2010, Plaintiff received treatment for her condition at the Department of Veterans Affairs (VA) Medical Center in Ann Arbor from VA counselor, Cecily Garrity.[1]

For an unspecified period of time, Plaintiff had a romantic relationship with Eric Otto Spalding, Sr. In November 2011—more than a year after Garrity's treatment of Plaintiff ended—Plaintiff "became aware of a sexual relationship" between Garrity and Spalding. Plaintiff does not specify when the relationship between Garrity and Spalding occurred. Neither does she allege that she and Garrity discussed any romantic relationship with Spalding during the course of her treatment, nor that Garrity's relationship with Spalding occurred on VA property or during Garrity's work hours.

**B.**

Plaintiff was adjudicated legally incompetent on August 24, 2012. The Wayne County Probate court appointed plaintiff a legal guardian on the same day. The guardianship was terminated on November 13, 2013. Plaintiff's administrative tort claim was received by the VA on October 31, 2013. Plaintiff's legal guardian did not sign plaintiff's administrative tort claim.

---

[1] Plaintiff's Complaint makes no mention of the dates of her treatment at the VA. The above dates were provided in the Declaration of Dr. Stephanie Chermack, Chief of Mental Health at the VA, as an exhibit accompanying Defendant's Motion to Dismiss (Doc. 6, Ex. 1 at 2). Plaintiff neither offers an alternative timeframe, nor argues that these dates are inaccurate..

2

Plaintiff now claims that Garrity's negligence and breach of the standard of care caused the aggravation of her preexisting conditions, including PTSD, major depressive affected disorder, paranoia, ability to trust, and somatization.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley*, 550 U.S.544, 545 (2007). See also *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679 Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id*. at 678 (internal quotation marks and citation omitted).

## IV. ANALYSIS

### A.

Defendant makes three primary arguments in favor of dismissal: (1) that Plaintiff has failed to allege that Garrity was acting within the scope of her employment as required under 28 U.S.C. § 1346(b)(1); (2) that Plaintiff's complaint fails to state a claim under Michigan law; and (3) because Plaintiff was legally incompetent at the time she filed her administrative tort claim, the claim was defective and she has therefore failed to exhaust her administrative remedies. Because Defendant's first argument is persuasive, the Court will not address the latter two.

### B.

Under the Federal Tort Claims Act (FTCA), the federal government waives its sovereign immunity for certain categories of torts, provided they meet the six elements listed in 28 U.S.C. § 1346(b). Those elements require that a claim be:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). A claim is not cognizable under the FTCA and must be dismissed for lack of subject matter jurisdiction if it does not allege all six of § 1346(b)(1)'s jurisdictional requirements. *Id.* at 479.

### C.

Here, Plaintiff has not demonstrated that Garrity was acting within the scope of her employment when she engaged in the relationship with Spalding. Under the FTCA,

4

"the determination of whether an employee of the United States acted within her scope of employment is a matter of state law." *Flechsig v. United States*, 991 F.2d 300, 302 (6th Cir. 1993) (citation omitted); *see also Sullivan v. Shimp,* 324 F.3d 397, 399 (6th Cir. 2003) ("[W]hether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred.") (citation omitted) (brackets in original).

The Michigan Supreme Court has explained "within the scope of employment" as follows:

> The Court has defined "within the scope of employment" to mean " 'engaged in the service of his master, or while about his master's business.' " Independent action, intended solely to further the employee's individual interests, cannot be fairly characterized as falling within the scope of employment. Although an act may be contrary to an employer's instructions, liability will nonetheless attach if the employee accomplished the act in furtherance, or the interest, of the employer's business.

*Hamed v. Wayne Cnty.*, 490 Mich. 1, 11 (2011) (citations and footnotes omitted).

Defendant argues that the relationship between Garrity and Spalding was not within the scope of Garrity's employment at the VA. Defendant says that Garrity's relationship with Spalding was not in furtherance, or in the interest of, her work at the VA. Indeed, there is no allegation that the relationship was going on during the course of Plaintiff's treatment. Based on the dates of Plaintiff's treatment, discussed above, Plaintiff did not learn about the relationship until more than a year after her treatment by Garrity ended. Nor is there any allegation that the relationship occurred during Garrity's work hours or on VA property. Finally, there is no allegation that Garrity ever discussed romantic relationships with Plaintiff. Certainly, it cannot be said that treating PTSD, depression, or sexual trauma by having a sexual relationship with a patient's significant other is within the scope of a VA counselor's employment. This was an "[i]ndependent

action, intended solely to further [Garrity's] individual interests." *Id.*

In response, Plaintiff notes language from *Hamed*, which states that an employer can be held liable where it "knew or should have known of [the] employee's propensities and criminal record." *Id.* at 12 (internal quotations and citations omitted) (brackets in original). Plaintiff argues that she should be allowed to develop a factual record to determine Garrity's history. However, Plaintiff fails to explain that this language in *Hamed* refers specifically to *intentional torts*. *See id.* Here, Plaintiff alleges only negligence.

## V. CONCLUSION

For the above reasons, Plaintiff's claim fails to meet the jurisdictional requirements set forth under 28 U.S.C. § 1346(b). Defendant's motion is therefore GRANTED. This case is DISMISSED.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  January 20, 2015January 20, 2015


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 20, 2015, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160

6